UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHANNON E. ROILL a/ka SHANNON E. JOHNSON
and DEBORAH J. ROILL,

    Plaintiff,

v.                                       Civil Action No._____

MERCANTILE ADJUSTMENT BUREAU, LLC,     **JURY TRIAL DEMANDED**

    Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA").

### II.  JURISDICTION AND VENUE

2. Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C.§ 1331, and/or 28 U.S.C.§ 1337.

### III.  PARTIES

3. Plaintiff Shannon E. Roill is a natural person residing in County of Erie and State of New York, and is a "consumer" as that term is defined by 15 U.S.C.§1692a(3).  Said Plaintiff will also be referred to herein as "Shannon".

4. That Shannon E. Roill is also known as Shannon E. Johnson.

5. Plaintiff Deborah J. Roill is a natural person residing in County of Niagara and State of New York.  Said Plaintiff will also be referred to herein as "Deborah".

6. That Deborah J. Roill is the mother of Shannon E. Johnson.  Said Plaintiff's live at different residences.

7. Defendant Mercantile Adjustment Bureau, LLC is a limited liability corporation organized under the laws of the State of New York, and is a "debt collector" as that term is defined by 15 U.S.C.§1692a(6).

5. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

6. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

## IV.  FACTUAL ALLEGATIONS

7. That Plaintiff Shannon E. Roill incurred a loan obligation to M & T Bank.  Said obligation will hereinafter be referred to as "the subject debt."

8. That the subject debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family, or household purposes.

9. That the subject debt was a "debt" as that term is defined by is defined by 15 U.S.C.§1692a(5).

10. That Shannon E. Roill defaulted on the subject debt.

11. That after Plaintiff Shannon E. Roill defaulted on the subject debt, M & T Bank employed Defendant to attempt to collect the subject debt.

12. That in or about August of 2007, an employee of Defendant called Plaintiff Deborah J. Roill by telephone and spoke to her.  Said employee stated to Deborah that he was calling from a law office and had to speak with Shannon by 4:00 p.m that afternoon to keep her daughter from going to Supreme Court in Erie County.  Deborah replied by asking Defendant if Shannon was going to go to jail.  Defendant responded by stating that he could not discuss the matter further, but that he really needed to speak with her.  Deborah then stated to Defendant that she and Shannon were estranged, so she would relay the message to her son who could in turn relay the message to Shannon.  Defendant than stated that it was imperative that Shannon call him by 4:00 that afternoon, and that if she contacted him by that time, he could stop the proceedings requiring her to go to Supreme Court.

13. That Defendant did not disclose to Deborah that he was a debt collector, or that Shannon owed a debt.

14. Deborah interpreted Defendant's statement described in paragraph 12 of this complaint to mean that Shannon was going to jail for a crime.

15. That during and following the telephone conversation described in paragraph 12 of this complaint, Deborah became distraught and was physically shaking.

16. That shortly after the telephone conversation described in paragraph 12 of this complaint, Deborah called Shannon stated to her, "Did you do something you want to tell me about?', and "Is there something I need to know about?"  Shannon replied that there was nothing to worry about, that she had done nothing wrong, that she should calm down, that it was probably about a bill she owed, and that she would check to see what the call was about.

17. That immediately after the conclusion of her conversation with Deborah described in paragraph 16 of this complaint, Shannon called the Defendant by telephone. During said telephone call, Shannon's husband listened in via conference phone. An employee of Defendant answered the phone, "Arbitration Department". Said Defendant stated to Shannon that there was a hearing scheduled at Erie County Courthouse on the 31st regarding her M & T Bank obligation, and that they needed to talk about the matter to prevent her from having to go to Court. Shannon then asked if she was being sued, when she would have to go to Court, and whether she needed an attorney. Defendant replied, "Not if we can work something out." The call then terminated.

18. During the telephone call described in paragraph 17 herein, Shannon's husband was able to hear portions of said conversation, including the threats to take Shannon to court. Shannon's husband became visibly upset and stated to a friend, "Oh my God, they're taking her to Court" to a friend who was with him.

19. That as a result of the foregoing, Plaintiffs, and each of them, suffered from emotional distress.

## V.  CAUSE OF ACTION

20. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 19 above.

21. That Defendant violated multiple provisions of the FDCPA, including but not limited to 15 U.S.C.§1692b(1) 15 U.S.C.§1692c(b), 15 U.S.C.§1692d, U.S.C.§1692e, 15 U.S.C.§1692e(2)(A), 15 U.S.C.§1692e(),15 U.S.C.§1692e(4), 15 U.S.C.§1692e(5), 15 U.S.C.§1692e(7), 15 U.S.C.§1692e(10), and 15 U.S.C.§1692f by reason of their conduct, statements and representations described in this complaint.

22. That as a result of the Defendant's violations of the FDCPA, the Plaintiffs, and each of them, suffered actual damages, and emotional distress, and is also entitled to an award of statutory damages, costs and attorneys' fees.

    WHEREFORE, each Plaintiff respectfully requests that judgment be entered against the Defendant for:

    (a)  Actual damages pursuant to FDCPA 15 U.S.C. §1692k(a)(1);

    (b)  Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    (c)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

    (d)  For such other and further relief as may be just and proper.

**A JURY TRIAL IS DEMANDED.**

Dated: September 21, 2007

/s/Kenneth R. Hiller
BY: Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Office of Kenneth Hiller
*Attorneys for the Plaintiff*
2001 Niagara Falls Boulevard
Amherst, NY 14228
(716) 564-3288
Email: khiller@kennethhiller.com
            ajordan@kennethhiller.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Plaintiffs Shannon E. Roill and Deborah J. Roill affirm that the following statements are true and correct under penalties of perjury:

1. We are the Plaintiffs in this civil proceeding.

2. We have read the above-entitled civil Complaint prepared by my attorneys and believe that all of the facts contained in it are true, to the best of our knowledge, information and belief formed after reasonable inquiry.

3. We believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. We believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. We have filed this civil Complaint in good faith and solely for the purposes set forth in it.


Dated: September 21, 2007            s/Shannon E. Roill
                                     Shannon E. Roill


                                     s/Deborah E. Roill
                                     Deborah J. Roill